IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **Joyce Caldwell**, Plaintiff<br>v.<br>**CG Real Estate Investment, LLC** and **Lauderdale-Dell Lake Village, LLC** Defendant | Case No: |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOYCE CALDWELL, sues Defendants, CG REAL ESTATE INVESTMENT, LLC and LAUDERDALE-DELL LAKE VILLAGE, LLC, and states as follows:

### JURISDICTION & PARTIES

1. This Court has original jurisdiction over Count 1 pursuant to 11 U.S.C. § 1331 and 42 U.S.C. § 3613 because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

2. This Court has supplemental jurisdiction over Count 2 pursuant to 28 U.S.C. § 1367(a). The state law claim asserted in Count 2 arises from the same facts and circumstances as, and is virtually identical to, the federal claim asserted in Count 1. It therefore is so related to Count 1 that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in this Court because the Defendants "reside" in Polk County, Florida within the meaning of 28 U.S.C. § 1391(c)(2) because they collectively own

and operate the mobile home park at issue there, and because the events and omissions giving rise to these claims occurred in Polk County, Florida.

4. Plaintiff JOYCE CALDWELL is a resident of the State of Florida and is sui juris.

5. Defendant CG REAL ESTATE INVESTMENT, LLC is a Florida limited liability company which manages and operates a mobile home park known as Dell Lake Village at 314 Frederick Ave., Dundee, Florida.

6. Defendant LAUDERDALE-DELL LAKE VILLAGE, LLC is a Florida limited liability company which owns Dell Lake Village.

## General Allegations

7. CALDWELL became a tenant at Dell Lake Village in approximately November, 2018.

8. CALDWELL is a victim of childhood emotional physical and emotional abuse, battery, domestic violence, and spousal abuse. As a result, she suffers from severe anxiety, depression, social anxiety, and nightmares.

9. CALDWELL is disabled. Her condition substantially limits one or more major life activities, including, without limitation, sleeping, leaving her home for any reason to go anywhere, and interacting with people. There exists a record of her impairment. On information and belief, she is regarded as having such an impairment by the staff and residents of Dell Lake Village.

10. CALDWELL was disabled prior to moving in at Dell Lake Village.

11. CALDWELL remains a tenant at Dell Lake Village today.

12. In order to assist her with her disability, CALDWELL's doctor instructed CALDWELL to obtain a dog for therapeutic companionship.

13. Prior to moving into Dell Lake Village, CALDWELL obtained a small dog for therapeutic companionship. At all relevant times, she required the companionship of the dog to assist in treating her disability. She continues to require the companionship of her dog.

14. The DEFENDANTS promulgated rules for Dell Lake Village that prohibit all pets in the clubhouse, pool, or any of the common facilities/areas of the park.

15. On or about February 14, 2019, CALDWELL brought her dog with her to the park's pool deck while she was sunbathing.

16. The dog was clean, leashed, well-behaved, and under CALDWELL's control at all times while on the pool deck.

17. The dog was not placed in, nor does CALDWELL seek permission to have the dog in the swimming pool. She had the dog on the pool deck, only.

18. Agents of the DEFENDANTS demanded that CALDWELL leave and told her the dog was not allowed on the pool deck.

19. She informed the agents of DEFENDANTS that the dog was an emotional support animal. She told them she had a doctor's note. She requested permission to bring the dog with her to the park's common areas, but they refused to hear her and refused to permit the dog at the common areas of the park.

20. On or about March 1, 2019, CALDWELL brought her dog into the clubhouse with her when she went in to pay her rent.

21. The dog was clean, leashed, well-behaved, and under CALDWELL's control at all times while in the clubhouse.

22. Agents of the DEFENDANTS demanded that Caldwell leave and told her the dog was against the rules.

23. She again informed the agents of DEFENDANTS that the dog was an emotional support animal. She told them she had a doctor's note. She gave them her doctor's note as well as a printout of information about the requirements of the (Federal) Fair Housing Act.

24. For a second time, she requested a waiver of the rules and asked for permission to bring the dog with her in common areas, but they again refused to hear her out and refused to permit access to the dog.

25. In fact, the agents of DEFENDANTS tore up her note and the Fair Housing Act information and threw it away in front of her.

26. On March 27, 2019, CALDWELL, through her counsel, sent a letter to the Defendants. In it, CALDWELL again informed the DEFENDANTS that she was disabled, that she required the services of a therapeutic support animal, and, for a third time, requested that she be given an accommodation to bring her dog with her in all areas of the park where residents were permitted, specifically including the club house and pool deck. A copy of the letter is attached as Exhibit A.

27. In the letter, CALDWELL specifically mentioned not wishing to take the dog into the pool itself. She does not now and has never sought to take the dog in the pool. itself

28. On April 16, 2019, in an email from DEFENDANTS' counsel, DEFENDANT granted CALDWELL's request with two exceptions: (a) DEFENDANTS

refused to permit the dog access to any areas of the club house where food was prepared, and (b) DEFENDANTS refused to permit the dog access to the pool deck.

29. CALDWELL did not and does not take issue with the prohibition on access to food preparation areas. However, CALDWELL, through counsel, objected to the prohibition on access to the pool deck.

30. While settlement discussions were going back and forth between counsel, in a stunning reversal of position, on or about May 15, 2019, DEFENDANTS posted the notice attached as Exhibit B on the club house door. In it, DEFENDANTS reneged on their grant of an accommodation and asserted that no pets were allowed in any common areas of the park whatsoever. DEFENDANTS further asserted that only "ADA Certified Service Animals" were excepted[1].

31. In the notice, DEFENDANTS specifically highlighted language, obviously directed at CALDWELL, stating, "Animals whose sole function is to provide companionship, comfort, or emotional support do not qualify as service animals under the ADA[2]."

32. The final paragraph of the notice threatened criminal prosecution for misrepresenting a need for a service animal.

33. On May 15, 2019, in a letter from her counsel, CALDWELL made a fourth request for an accommodation. A copy of the letter is attached as Exhibit C.

---

[1] This matter is not governed by the Americans with Disabilities Act ("ADA"). Defendants were under the erroneous belief that it is.

[2] See n1, above.

5

34. While DEFENDANTS' counsel orally represented that CALDWELL could rely on the April 16, 2019 emails grant of a partial accommodation, DEFENDANTS again denied the request to grant an accommodation for CALDWELL to access the pool deck.

35. CALDWELL has retained the undersigned attorneys' firm to represent her in this matter and agreed to pay it a reasonable fee for its services.

### Count I – (Federal) Fair Housing Act

36. This is a cause of action for violation of the (Federal) Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B).

37. DEFENDANTS had knowledge of CALDWELL'S disability or regarded her as a person with a disability.

38. CALDWELL's emotional support animal was necessary for her equal use and enjoyment of her home.

39. CALDWELL requested a reasonable accommodation. She requested that the rule prohibiting pets at park common areas be modified to permit her to have and use her emotional support animal in common areas of the park.

40. CALDWELL's request included, but was not limited to, the pool deck.

41. CALDWELL's request did not include and has never included the swimming pool, itself.

42. Although the request was granted in part, DEFENDANTS denied CALDWELL a reasonable accommodation to permit the animal on the pool deck.

43. DEFENDANTS' failure to accommodate CALDWELL's disability is discriminatory and unlawful, in violation of 42 U.S.C. § 3604.

44. The actions of DEFENDANT were motivated by evil malice and intent.

45. The actions of DEFENDANT were in reckless or callous indifference to the rights of CALDWELL.

46. As a direct and proximate result of Defendants' refusal to accommodate CALDWELL's disability, CALDWELL has suffered irreparable loss and injury, including exacerbation of her psychological symptoms, emotional distress, and deprivation of her right to equal housing opportunities regardless of disability.

### Count 2 – (Florida) Fair Housing Act

47. This is a cause of action for violation of the Florida Fair Housing Act, Fla. Stat § 760.20 et. seq.

48. DEFENDANTS had knowledge of CALDWELL'S disability or regarded her as a person with a disability.

49. CALDWELL's emotional support animal was necessary for her equal use and enjoyment of her home.

50. CALDWELL requested a reasonable accommodation. She requested that the rule prohibiting pets at park common areas be modified to permit her to have and use her emotional support animal in common areas of the park.

51. CALDWELL's request included, but was not limited to, the pool deck.

52. CALDWELL's request did not include and has never included the swimming pool, itself.

53. Although the request was granted in part, DEFENDANTS denied CALDWELL a reasonable accommodation to permit the animal on the pool deck.

54. DEFENDANTS' failure to accommodate CALDWELL's disability is discriminatory and unlawful, in violation of Fla. Stat. § 760.23.

55. The actions of DEFENDANT were motivated by evil malice and intent.

56. The actions of DEFENDANT were in reckless or callous indifference to the rights of CALDWELL.

57. As a direct and proximate result of Defendants' refusal to accommodate CALDWELL's disability, CALDWELL has suffered irreparable loss and injury, including exacerbation of her psychological symptoms, emotional distress, and deprivation of her right to equal housing opportunities regardless of disability.

WHEREFORE, CALDWELL demands judgment against CG REAL ESTATE INVESTMENT, LLC and LAUDERDALE-DELL LAKE VILLAGE, LLC to declare that the DEFENDANTS violated the federal and Florida Fair Housing Acts; enjoining them from further violations of the Fair Housing Acts and requiring them to permit CALDWELL's emotional support animal on the pool deck (but not the pool, itself), and awarding CALDWELL compensatory and punitive damages, attorneys' fees, costs, and such other relief as the Court deems just and equitable.

JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Dated: 9/18/2019

_____
J. Kemp Brinson
Fla. Bar No. 752541

8

BLOODWORTH LAW, PLLC
801 N. Magnolia Ave. Suite 216
Orlando, FL 32803
407-777-8541
KBrinson@LawyerFightsForYou.com
CAcedo@LawyerFightsForYou.com
Trial Counsel for Plaintiff, Joyce Caldwell