UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE CALDWELL,

      Plaintiff,                                    Case No: 8:19-cv-2321-T-02AAS

v.

**CG REAL ESTATE INVESTMENT, LLC and
LAUDERDALE-DELL LAKE VILLAGE, LLC,**

      Defendants.

_____/

### DEFENDANTS' AMENDED[1] ANSWER AND DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendants, CG Real Estate Investment, LLC, and Lauderdale-Dell Lake Village, LLC, by the undersigned counsel, hereby answer and defend the COMPLAINT filed by Plaintiff, Joyce Caldwell, and state as follows:

### JURISDICTION AND PARTIES

1-2.     The allegations set forth in paragraphs 1 and 2 of Plaintiff's Complaint are admitted for jurisdictional purposes only, and are otherwise denied.

3.     The allegations set forth in paragraph 3 of Plaintiff's Complaint are admitted for venue purposes only, and are otherwise denied.

4-6.     The allegations set forth in paragraphs 4 through 6 of Plaintiff's Complaint are admitted.

---

[1] This Amendment is made as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

7. The allegations set forth in paragraph 7 of Plaintiff's Complaint are admitted.

8-10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 8 through 10 of Plaintiff's Complaint and therefore deny same.

11. The allegations set forth in paragraph 11 of Plaintiff's Complaint are admitted.

12-13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 12 and 13 of Plaintiff's Complaint and therefore deny same.

14. The allegations set forth in paragraph 14 of Plaintiff's Complaint are denied as phrased. The Rules and Regulations for Dell Lake Village prohibit pets in the clubhouse and pool area.

15. The allegations set forth in paragraph 15 of Plaintiff's Complaint are admitted.

16-17. The allegations set forth in paragraphs 16 and 17 of Plaintiff's Complaint are denied.

18. The allegations set forth in paragraph 18 of Plaintiff's Complaint are denied as phrased. Plaintiff was reminded of the Rules and Regulations that prohibit pets in the clubhouse and pool area and was asked to remove her dog from the pool area.

19. The allegations set forth in paragraph 19 of Plaintiff's Complaint are denied as phrased. Plaintiff was informed of the health hazards of having a dog in the pool area.

20-24. The allegations set forth in paragraphs 20 through 24 of Plaintiff's Complaint are denied as phrased. Plaintiff was informed that pets are prohibited in the clubhouse and was asked to not bring her dog inside the clubhouse.

25. The allegations set forth in paragraph 25 of Plaintiff's Complaint are denied.

26-27. The letter attached as Exhibit A to the Complaint speaks for itself. Defendants deny the truth of the allegations in the letter.

28. The allegations set forth in paragraph 28 of Plaintiff's Complaint are admitted.

29-30. The allegations set forth in paragraphs 29 and 30 of Plaintiff's Complaint are denied as phrased. Plaintiff was informed that pets are prohibited in the clubhouse and was asked to not bring her dog inside the clubhouse.

31. The allegations set forth in paragraph 31 of Plaintiff's Complaint are denied.

32. The allegations set forth in paragraph 32 of Plaintiff's Complaint are denied as phrased.

33. The letter attached as Exhibit C to the Complaint speaks for itself. The truth of the allegations in the letter are denied.

34. The allegations set forth in paragraph 34 of Plaintiff's Complaint are denied as phrased.

35. The allegations set forth in paragraph 35 of Plaintiff's Complaint are denied.

## COUNT I – (FEDERAL) FAIR HOUSING ACT

36. The allegations set forth in paragraph 36 of Plaintiff's Complaint are admitted for jurisdictional purposes only, and are otherwise denied.

37-46. The allegations set forth in paragraphs 37 through 46 of Plaintiff's Complaint are denied.

WHEREFORE, Defendants, CG Real Estate Investment, LLC, and Lauderdale-Dell Lake Village, LLC, respectfully request that Count I of Plaintiff's Complaint be dismissed and that they be awarded attorney's fees, costs, and such other relief as is appropriate.

## COUNT II – (FLORIDA) FAIR HOUSING ACT

47.     The allegations set forth in paragraph 47 of Plaintiff's Complaint are admitted for jurisdictional purposes only, and are otherwise denied.

48-57. The allegations set forth in paragraphs 48 through 57 of Plaintiff's Complaint are denied.

WHEREFORE, Defendants, CG Real Estate Investment, LLC, and Lauderdale-Dell Lake Village, LLC, respectfully request that Count II of Plaintiff's Complaint be dismissed and that they be awarded attorney's fees, costs, and such other relief as is appropriate.

## DEFENSES

### First Defense
(Failure to State a Claim)

To prevail in a case under both the Florida state or the Federal Fair Housing Act, a plaintiff must prove the following: (1) the plaintiff is disabled or handicapped within the meaning of the FHA, and that the defendant's knew or should have known of that fact; (2) the defendant knew that an accommodation was necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling; (3) such an accommodation is reasonable; and (4) the defendant refused to make the requested accommodation. In this case, Plaintiff has failed to allege two out of the four essential elements of a Fair Housing Act claim.  Plaintiff failed to allege (1) that Plaintiff has a protected disability or handicap within the meaning

of FHA; and (2) that Defendant knew that an accommodation was necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling. Thus, Plaintiff has failed to state a claim upon which relief may be granted.

### Second Defense
(Plaintiff Failed to Exhaust her Administrative Remedies)

Florida's Fair Housing Act, Fla. Stat. §§ 760.20-760.37, and Florida's Civil Rights Act (§ 760.01, Fla. Stat.), require a party to exhaust its administrative remedies prior to filing a lawsuit.  Count II should be dismissed because, even assuming Plaintiff otherwise stated a cause of action, she failed to exhaust her administrative remedies and the Court thus lacks subject matter jurisdiction to hear her claims.

### Third Defense
(Plaintiff Does Not Suffer from a Qualifying Disability)

Under Section 760.22, Fla. Stat., "handicap" means "a person has a physical or mental impairment which substantially limits one or more major life activities, or he or she has a record of having, or is regarded as having, such physical or mental impairment …" Plaintiff superficially and conclusorily alleges that she is disabled and that she suffers from severe anxiety, depression, social anxiety, and nightmares.  However, Plaintiff does not allege that she suffers from a qualifying disability under the federal and state acts upon which her lawsuit is premised.  Thus, Plaintiff has failed to state a claim upon which relief may be granted.

**Fourth Defense**
(Requested Accommodation was Not Necessary)

Plaintiff superficially alleges that her request to bring her dog to the pool area was a reasonable accommodation. However, Plaintiff fails to explain why such an accommodation is necessary to afford her an equal opportunity to use and enjoy Dell Lake Village. The accommodation requested by Plaintiff was not necessary and was not reasonable. A defendant cannot be liable for refusing to grant a reasonable accommodation, if the defendant never knew the accommodation was, in fact, necessary. Therefore, the Complaint fails to state a cause of action upon which relief may be granted.

**Fifth Defense**
**(**Waiver/Estoppel**)**

Plaintiff moved into Dell Lake Village with actual knowledge that the Rules and Regulations of Dell Lake Village prohibited pets in the pool area. In fact, in her application to the Park, Plain tiff described the animal at issue as her "pet." Plaintiff voluntarilly waived any rights that she might have had to bring the animal into the pool area and is estopped from now claiming it is something other than a "pet."

**Sixth Defense**
(Plaintiff Failed to Verify She Had a Qualifying Disability)

Plaintiff brought her dog to the pool area without requesting any accommodation or modification of the park's rules. When she was reminded of the Park's rules, she claimed the pet was a service dog. When the Park explained what the term "service dog" means, she then claimed it was an "emotional support" animal. When the Park asked for verification that (1) she suffered from a qualifying disability and (2) that the proposed accommodation had a reasonable relationship to that disability, Plaintiff provided the Park with a non-descriptive medical note which fails to adequately describe Plaintiff's alleged

6

handicap and need for special accommodation and is related to travel, not to the use of a pool area. The Park again asked for verification but Plaintiff refused to provide the verification requested.

### Seventh Defense
(Plaintiff Was Not Denied an Accommodation)

Defendants never denied Plaintiff a reasonable accommodation. Instead, the Park advised Plaintiff that she needed to provide reliable verification of her qualifying disability and the need for the accommodation requested so that the Park could make an informed decision. Plaintiff never provided the reliable verification that was requested.

### Eighth Defense
(Alleged Discriminatory Activity Occurred After Purchase of Home)

Plaintiff's failure to accommodate claim fails since it does not relate to the initial sale or rental of a dwelling or to conduct actually or constructively depriving her of the use of her home. If discriminatory activity prohibited by Fair Housing Act occurs after a purchaser has already acquired a home, and if activity is not one which resulted in either actual or constructive deprivation of that property, activity is not prohibited by the Fair Housing Act. Plaintiff acquired her mobile home without incident and Plaintiff has made no claim of any discriminatory conduct in conjunction with the purchase and/or lease of her mobile home.

### Ninth Defense
(No Intent to Discriminate)

Plaintiff doers not suffer from any obvious disability that would require the presence of an animal be with her at all times. Plaintiff is a nurse who is employed full time. While at work, Plaintiff does not have the dog with her. When home, Plaintiff often leaves the dog outside, unattended. Plaintiff also bowls and engages in other activities that require she spend much of her time away from her pet. Although asked for reasonably reliable verification, Plaintiff never verified her disability and or verified why she needed a dog to be with her while she visited common areas where the health, safety, and welfare of others could be adversely affected. A defendant cannot discriminate if he or she did not know of the claimant's alleged disability and the need for an accommodation requested.

### Tenth Defense
(Reasonable Limitation-Health Hazard)

The accommodation Plaintiff requested is not reasonable or necessary as Plaintiff's dog would pose a potential health and safety hazard to the other residents of the Park if it were allowed in the pool area, where the animal could defecate and urinate. The Park's limitation on animals who are not medically necessary in common areas is reasonable and necessary for the health, safety, and welfare of all of the Park's residents.

### Eleventh Defense
(Proposed Accommodation Unrelated to Alleged Disability)

The accommodation Plaintiff requested is not related to the disability from which she claims to suffer. Plaintiff bowls, works, leaves the dog outside unattended, and otherwise spends most of her time away from the pet. The presence of the animal in the pool and other common areas is not necessary to Plaintiff's use or enjoyment of her occupancy.

### Twelfth Defense
(Good Faith)

Defendants' actions towards Plaintiff were in no way motivated by evil malice and intent but Defendants' good faith effort to enforce unambiguous rules that pets are prohibited in the clubhouse, pool, and other common facilities/areas of the Park, where health and welfare of all Park residents can be affected.

### Thirteenth Defense
(Proposed Accommodation is Unnecessary and Unreasonable)

The accommodation requested by Plaintiff is unreasonable and unnecessary and would result in undue burdens and expense to the Park and cause discontent among residents who have complained about the dog and who would seek to leave the Park if they were exposed to animals in the pool area for use by someone who has no cognizable disability.

### Fourteenth Defense
(Failure to State Claim-CG Investments)

Plaintiff has failed to state a claim against CG Real Estate Investment, LLC which is an independent management company and did not lease the property at issue to Plaintiff.

## **DEMAND FOR JURY TRIAL**

Defendants, CG Real Estate Investment, LLC, and Lauderdale-Dell Lake Village, LLC, hereby demand trial by jury to the fullest extent allowed by rule, statute, and/or the United States Constitution as to all issues so triable on the Complaint, any answer to it, and any other pleadings in which claims are made by or against CG Real Estate Investment, LLC, and/or Lauderdale-Dell Lake Village, LLC.

s/Charles M. Greene

Charles M. Greene
Florida Bar No.: 938963
Allison G. Edwards
Florida Bar No. 159311
**CHARLES M. GREENE, P.A.**
55 East Pine Street
Orlando, Florida 32801
Telephone: (407) 648-1700
Facsimile: (407) 648-0071
E-mail: cmg@cmgpa.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 20th day of November 2019, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

J. Kemp Brinson<br>
Bloodworth Law, PLLC<br>
224 East Marks Street<br>
Orlando, Florida 32803<br>
kbrinson@lawyerfightsforyou.com

                                            /s/Charles M. Greene
                                            Charles M. Greene